# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

KEITH HENDERSON,

    Plaintiff,

v.                                                                             CV No. 20-1065 KG/CG

STATE OF NEW MEXICO,

    Defendant.

## ORDER TO SHOW CAUSE

**THIS MATTER** is before the Court on Plaintiff Keith Henderson's handwritten letter, which references due process and the Eight Amendment to the U.S. Constitution, (Doc. 1); the Court's *Order to Cure Deficiencies* (the "October 20, 2020 Order"), (Doc. 2), filed October 20, 2020, and the Court's *Order Granting Leave to Proceed Under 28 U.S.C. § 1915* (the March 22, 2021 Order), (Doc. 4), filed March 22, 2021. The Court, having determined Mr. Henderson has failed to comply with the Court's orders and rules, and has failed to prosecute this proceeding, will order Mr. Henderson to show cause why this case should not be dismissed.

In Mr. Henderson's handwritten letter, he asks the Court to "amend a[n] ordinance by 100 ft so I can parole to this residence[,]" and he vaguely references the Eighth Amendment and due process. (Doc. 1). Although it is unclear whether Mr. Henderson seeks any relief within this Court's federal jurisdiction, his filing appears to raise prisoner civil rights claims under 42 U.S.C. § 1983.[1] A civil rights complaint under 42 U.S.C. § 1983 is the exclusive vehicle for vindication of substantive rights under the

---

[1] Mr. Henderson's request that this Court amend an unidentified municipal ordinance does not appear to be within the Court's original jurisdiction. 28 U.S.C. §§ 1331, 1332.

Constitution. See *Baker v. McCollan,* 443 U.S. 137, 144 n.3 (1979); *Albright v. Oliver,* 510 U.S. 266, 271 (1994) (claims against state actors must be brought under 42 U.S.C. § 1983). Mr. Henderson's filing is not in the proper form to assert civil rights claims, and as a result, the Court ordered him to cure the deficiencies. *See* (Doc. 2). In particular, the October 20, 2020 Order directed him to file a complaint in proper form by no later than November 20, 2020, and it provided him with a form and instructions to do so. (Doc. 2). The Court also advised Mr. Henderson that, if he did not file a complaint in proper form, the Court could dismiss the case without further notice. (Doc. 2 at 2). Mr. Henderson did not file a complaint in proper form by November 20, 2020, as ordered by the Court.

Under Fed. R. Civ. P. 41(b), the Court may dismiss an action for failure to comply with a court order and failure to prosecute a proceeding. The Court will require Mr. Henderson to show cause why this case should not be dismissed for failure to comply with the Court's October 20, 2020 Order and failure to prosecute the case. If Mr. Henderson does not comply with this Order, the case may be dismissed under Fed. R. Civ. P. 41(b) without further notice.

The October 20, 2020 Order also directed Mr. Henderson to submit an application to proceed *in forma pauperis* and provided him with a form application. (Doc. 2). Mr. Henderson did file the form Application to Proceed in District Court Without Prepayment of Fees or Costs, (Doc. 3), which the Court granted in the March 22, 2021 Order, (Doc. 4). The March 22, 2021 Order further directed Mr. Henderson to make an initial partial fee payment of $18.07 under 28 U.S.C. §§ 1915(b) by no later than April

22, 2021, or show cause why the payment should be excused. (Doc. 4 at 1-2). Mr. Henderson did not make the initial partial payment or show cause why the payment should be excused by April 22, 2021.

The April 22, 2021 deadline in the Court's March 22, 2021 Order has passed, and Mr. Henderson has not paid the initial partial payment or otherwise responded to the Order. When a prisoner is granted leave to proceed *in forma pauperis*, § 1915 provides:

> "The court **shall** assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal."

28 U.S.C. § 1915(b)(1) (emphasis added). Mr. Henderson was ordered to make the required partial payment under § 1915(b)(1) or show cause why the payment should be excused but has failed to comply with the Court's Order. The Court may dismiss an action under Fed. R. Civ. P. 41(b) for failure to prosecute, to comply with the rules of civil procedure, or to comply with court orders. *See Olsen v. Mapes,* 333 F.3d 1199, 1204, n.3 (10th Cir. 2003). The Court will require Mr. Henderson to show cause by no later than **June 7, 2021**, why this action should not be dismissed for non-compliance with the Court's March 22, 2021 Order. Failure to show cause or otherwise respond to this Order may result in dismissal of this case without further notice.

The copy of the March 22, 2021 Order sent to Mr. Henderson's address of record was returned as undeliverable. (Doc. 5). The Court re-mailed a copy of the Order to the

mailing address shown on the official Northwest New Mexico Correctional Center's website. However, Mr. Henderson has not provided the Court with a corrected address or otherwise communicated with the Court as required by D.N.M. LR-Civ. 83.6, thus severing contact with the Court. Because Mr. Henderson has failed to comply with the Court's local rules, he will be required to show cause why this action should not be dismissed. *See Bradenburg v. Beaman,* 632 F.2d 120, 122 (10th Cir. 1980) ("It is incumbent on litigants, even those proceeding pro se, to follow the federal rules of procedure. . . The same is true of simple, nonburdensome local rules . . .." (citation omitted)). Failure to comply with this Order may result in dismissal without further notice.

**IS THEREFORE ORDERED** that, by no later than **June 7, 2021**, Mr. Henderson shall show cause why this case should not be dismissed for failure to comply with the Court's October 20, 2020 and March 22, 2021 Orders, failure to comply with D.N.M. LR-Civ. 83.6, and failure to prosecute this proceeding.

**IT IS FURTHER ORDERED** that the Clerk is **DIRECTED** to mail a copy of this Order to Mr. Henderson at his original address of record: Northwest New Mexico Detention Facility, 1700 East Old Hwy 66, Grants, New Mexico, 87020 and a copy to the official website address: Northwest New Mexico Correctional Center, P.O. Box 800, Grants, New Mexico, 87020.

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE