IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KEITH HENDERSON,

              Plaintiff,

vs.                                                              No. CV 20-1065 KG/CG

STATE OF NEW MEXICO,

          Defendant.

<u>MEMORANDUM OPINION AND ORDER OF DISMISSAL</u>

THIS MATTER is before the Court under Fed. R. Civ. P. 41(b) on the pro se handwritten letter complaint filed by Keith Henderson (Doc. 1), the Court's October 20, 2020, Order to Cure Deficiencies (Doc. 2), the Court's March 22, 2021, Order granting leave to proceed under 28 U.S.C. § 1915 (Doc. 4), and the Court's May 6, 2021, Order to Show Cause (Doc. 6).  The Court will dismiss this case for failure to comply with Court Orders, failure to comply with statutes and rules, and failure to prosecute this proceeding.

Plaintiff Keith Henderson filed a handwritten letter on October 15, 2020.  (Doc. 1). Plaintiff's filing asks the Court to "amend a ordinance by 100 ft so I can parole to this residence." (Doc. 1).  Plaintiff makes vague references to the 8th Amendment and due process. (Doc. 1).  Although it is unclear whether Plaintiff seeks any relief within this Court's federal jurisdiction, Plaintiff's filing appears to possibly raise prisoner civil rights claims under 42 U.S.C. § 1983.[1]  A civil rights complaint under 42 U.S.C. § 1983 is the exclusive vehicle for vindication of substantive rights under the Constitution.  *See Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979); *Albright v. Oliver,* 510 U.S. 266, 271 (1994) (claims against state actors must be

---

[1] Plaintiff's request asking this Court to amend an unidentified municipal ordinance does not appear to be within the Court's original jurisdiction.  28 U.S.C. §§ 1331, 1332.

brought under 42 U.S.C. § 1983).  The filing is not in proper form to assert civil rights claims. Therefore, the Court entered an Order to Cure Deficiencies on October 20, 2020.  (Doc. 2).  The Order directed Plaintiff to file a complaint in proper form within 30 days and provided him with a form and instructions to do so.  (Doc. 2).  The Court also advised Plaintiff that, if he did not file a complaint in proper form within 30 days, the Court could dismiss the case without further notice.  (Doc. 2 at 2).  Plaintiff did not file a complaint in proper form as ordered by the Court.

The Order to Cure Deficiencies also directed Plaintiff to submit an application to proceed *in forma pauperis* and provided Plaintiff with a form application.  (Doc. 2).   Plaintiff did file the form Application to Proceed in District Court Without Prepayment of Fees or Costs.  (Doc. 3). On March 22, 2021, the Court granted Plaintiff's Application to Proceed under § 1915.  (Doc. 4). The March 22, 2021 Order also directed Plaintiff to make an initial partial fee payment of $18.07 under 28 U.S.C. §§ 1915(b) within 30 days or show cause why the payment should be excused. (Doc. 4 at 1-2).  Plaintiff did not make the initial partial payment or show cause why the payment should be excused within the 30-day period.

More than 30 days elapsed after entry of the Court's March 22, 2021, Order and Plaintiff Henderson did not make the initial partial payment or otherwise respond to the Order. When a prisoner is granted leave to proceed *in forma pauperis*, § 1915 provides:

> The court ***shall*** assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

28 U.S.C. § 1915(b)(1) (emphasis added).  Plaintiff Henderson was ordered to make the required partial payment under § 1915(b)(1) or show cause why the payment should be excused but failed to comply with the Court's Order.

The copy of the March 22, 2021, Order sent to Plaintiff's address of record was returned as undeliverable.  (Doc. 5).  The Court re-mailed a copy of the Order to the mailing address shown on the official Northwest New Mexico Correctional Center's website.  However, Plaintiff did not provide the Court with a corrected address or otherwise communicate with the Court as required by D.N.M. LR-Civ. 83.6, thus severing contact with the Court.  It is incumbent on litigants, even those proceeding pro se, to follow the federal rules of procedure as well as simple, nonburdensome local rules.  *See Bradenburg v. Beaman,* 632 F.2d 120, 122 (10th Cir. 1980).

Because Plaintiff failed to comply with statutes, local rules, and the Court's orders, On May 6, 2021, the Court entered an Order to Show Cause why the case should not be dismissed under Fed. R. Civ. P. 41(b).  (Doc. 6).  The Order notified Plaintiff that, if he failed to show cause within 30 days, the case could be dismissed without further notice.   (Doc. 6 at 3-4).  More than 30 days has passed since entry of the Court's Order to Show Cause, and Plaintiff Henderson has not responded to the Order, has not shown cause, and has not communicated with the Court. The Court may dismiss an action under Fed. R. Civ. P. 41(b) for failure to prosecute, to comply with the rules of civil procedure, or to comply with court orders.  *See Olsen v. Mapes,* 333 F.3d 1199, 1204, n.3 (10th Cir. 2003).  Therefore, the Court will now dismiss this proceeding for failure to comply with the Court's October 20, 2020, March 22, 2021, and May 6, 2021 Orders, failure to comply with statutes and rules, and failure to prosecute the case.

IS ORDERED that the pro se handwritten letter complaint filed by Keith Henderson. (Doc. 1) is DISMISSED without prejudice under Fed. R. Civ. P. 41(b) for failure to comply with Court Orders, failure to comply with statues and rules, and failure to prosecute.

UNITED STATES DISTRICT JUDGE